UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DUTHLER,

        Plaintiff,                                  Case No. 1:13-CV-1095

v.                                                 HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER RE
REPORT AND RECOMMENDATION**

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 27), filed on January 28, 2015. The Plaintiff filed a set of Objections to the Magistrate Judge's Report and Recommendation (docket no. 28) on February 11, 2015. The Defendant filed a Response to the Plaintiff's Objections (docket no. 29) on February 25, 2014.

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, the Plaintiff's Objections to the Magistrate's Report and Recommendation, and the Defendant's Response. After its review, the Court approves and adopts Magistrate Judge Green's Report and Recommendation for the reasons explained and detailed in this Order.

On May 12, 2010, Plaintiff Duthler filed applications for disability insurance benefits and Supplemental Security Income ("SSI") benefits, alleging that he became disabled on September 1, 2008. Plaintiff Duthler suffered from several severe impairments, including mood and post-traumatic stress disorders, and also suffered from a history of alcohol abuse. After his claims were denied on initial review, he requested and received a hearing before an Administrative Law Judge ("ALJ"). On May 21, 2012, the ALJ found that Plaintiff Duthler was not disabled. On August 16, 2013, the ALJ's decision became the Commissioner's final decision. Plaintiff Duthler requested review from this Court; the matter was referred to Magistrate Judge Green.

The Report and Recommendation carefully examines the Plaintiff's request for review of the Commissioner's final decision, and recommends that the Commissioner's decision be affirmed. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough. The Court agrees that the Commissioner's decision must be affirmed because the ALJ thoroughly explained how medical-source opinions were credited and because the ALJ's disability determination was supported by substantial evidence.

## I. DUTHLER'S OBJECTIONS

**Objection #1:** **The ALJ improperly rejected the assessment of a treating physician.**

Plaintiff Duthler argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Nan Alt. (R. 28, Pl. Obj. at 3, PageID # 793.) Accordingly, Plaintiff Duthler argues that the ALJ, and by extension Magistrate Judge Green's Report and Recommendation, does not follow Sixth Circuit precedent outlined in *Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013) concerning the treating physician rule. (R. 28, Pl. Obj. at 3–4, PageID # 793–94.) The Commissioner counters that the ALJ did not assign controlling weight to a non-treating medical source's opinion, rather, the ALJ assigned more weight to one medical source's opinion rather than another's for the reasons stated in the ALJ's decision. (R. 29, Def. Br. at 3, PageID # 799.)

The treating physician rule mandates that an ALJ give a treating source opinion controlling weight if two conditions are met: (1) the treating source opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with the other substantial evidence in the case record.'" *See Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2))). In this case, the ALJ determined that affording Dr. Alt's opinion controlling weight was inappropriate because it was inconsistent with other evidence in the case record. To be sure, an ALJ must provide "good reasons" for why a treating physician's opinions fail to meet either the well-supported prong or the inconsistent with other evidence prong. *See id.* "If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability

of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009).

Plaintiff Duthler's contention that the ALJ's analysis runs afoul of precedent is incorrect for the reasons stated in Magistrate Judge Green's Report and Recommendation. *See generally Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (observing that district courts relying on magistrate-judge reports serves the goal of judicial efficiency). *Gayheart* does not compel reversal in this case, and Plaintiff Duthler is incorrect to suggest otherwise. The Sixth Circuit has cautioned that while *Gayheart* helped identify "which reasons will later be found to be sufficiently good reasons on appellate review. . . the lines of demarcation are not clear, and in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *DeLong v. Commissioner*, 748 F.3d 723, 728 (6th Cir. 2014) (internal quotation marks omitted).

This Court notes that the ALJ appropriately considered the evaluation by Plaintiff's psychiatrist, Dr. Alt. (R. 10-2, ALJ decision at 28, PageID # 50.) There is no indication that any evidence was overlooked by the ALJ. *See Gayheart*, 710 F.3d at 379. The ALJ is required to consider all record evidence, but is not required to follow Dr. Alt's opinion or the opinion of any medical source, because "the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2) (emphasis added). The ALJ provided good reasons for discounting the opinion of Dr. Alt, including that Dr. Alt's own report was internally inconsistent—indeed, even Plaintiff Duthler concedes that Dr. Alt's question-mark response did not elucidate her position or explain her determination. The Court therefore overrules this Objection.

**Objection #2:** **The ALJ improperly weighed the evidence.**

This Court reviews the ALJ's decision under the highly deferential substantial-evidence standard. *See* 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The substantial-evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts." *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). When substantial evidence supports the ALJ's decision and the ALJ does not violate rules or regulations, this Court defers to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Gayheart*, 710 F.3d at 374.

Plaintiff Duthler argues that the ALJ and the Magistrate Judge incorrectly considered whether he was capable of substantial gainful activity, and therefore the determination is not supported by substantial evidence. (R. 28, Pl. Obj. at 5–6, PageID # 795–96.) The Commissioner counters that the regulations require the ALJ to determine whether Plaintiff Duthler's history of alcohol problems contributed to his disability, and that the analysis of both the ALJ and the Magistrate Judge was sound. (R. 29, Def. Br. at 3, PageID # 799.) The Court agrees with the Commissioner for the reasons stated in Magistrate Judge Green's Report.

The Court also notes that the ALJ's anaylsis of Plaintiff Duthler in light of his problems with alcohol abuse are in line with 20 CFR § 404.1535, which states as follows: "If we determine that your remaining limitations [unrelated to alcoholism] would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability."

Plaintiff Duthler's citation to *Parish v. Califano*, 642 F.2d 188 (6th Cir. 1981), a case concerning a claimant with repeated relapses of multiple sclerosis, does not disturb this analysis, not least of which because *Parish* was decided prior to the drug and alcohol rules that Congress codified in 1996. The Court therefore overrules this Objection.

## II.  CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 27), is accepted for the reasons recited in this Order.

**IT IS SO ORDERED**.


Dated:      March 13, 2015                    /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE